[No. 29444.   *En Banc.*   January 24, 1945.]

WILLIAM A. KRINGS, *Appellant*, v. THE CITY OF
BREMERTON, *Respondent*.[1]

[1]Reported in 155 P. (2d) 493.

*Peyser & Bailey* and *Roberta Kaiser,* for appellant.

*Henry Elliott, James W. Bryan, Jr.,* and *John C. Merkel,* for respondent.

BEALS, C. J.—William A. Krings, as plaintiff, instituted this action against the city of Bremerton, a municipal corporation, for the purpose of recovering damages suffered by plaintiff as the result of a collision between plaintiff's automobile, which he was driving, and a garbage truck owned and operated by the city. As a result of the accident, plaintiff suffered severe physical injuries, and his automobile was severely damaged, for all of which he sought recovery in this action.

On the afternoon of September 17, 1943, plaintiff was driving in a general northerly direction away from the city of Bremerton on a four-lane highway. He was driving at a reasonable speed, and in his proper traffic lane. Defendant's eight-ton garbage truck, empty, was approaching Bremerton in the charge of its regular driver, James Critser. Sometime prior to the accident, Critser had, however, turned the wheel over to one Norman Brennan, a youth nineteen years of age acting as Critser's assistant. Brennan had no driver's license, and was learning to drive under Critser's supervision. From the evidence, it appears that the truck was being driven at an excessive speed.

Upon rounding a curve on the highway and thereafter descending a slight grade, Brennan attempted to pass another car. Changing his mind, he attempted to check the speed of the truck and apparently lost control, the truck striking the car which Brennan attempted to pass and continuing on in an irregular course until it struck plaintiff's car, which plaintiff had driven off the highway in an attempt to avoid the apparent danger. Plaintiff suffered serious injuries, and his car was badly damaged.

It stands admitted that defendant was the owner and operator of the garbage truck which collided with plaintiff's car, and that at the time of the accident the truck was being used and operated in the course of garbage collection and disposal.

The action was tried to the court sitting without a jury, and resulted in the entry of findings of fact and conclusions of law in defendant's favor, followed by a judgment dismissing the action, from which plaintiff has appealed.

Appellant assigns error upon the entry of four findings of fact; upon the court's refusal to find that, in the operation of this garbage truck, respondent had created, permitted, and maintained a nuisance; upon the court's refusal to hold that upon the evidence respondent was estopped to urge in defense of appellant's action that respondent was not liable to appellant because, at the time of the action, respondent was using the truck in the performance of a governmental function; and upon the entry of judgment dismissing appellant's action.

The trial court found, and the findings are amply supported by the evidence, that, in driving respondent's truck, Brennan was negligent, and that the collision was proximately caused by such negligence. The court also found that, at the time of the accident, Critser and Brennan were employees of respondent and were then using respondent's truck in the collection and disposal of city garbage, which constituted a governmental function of respondent. The court also found, and this finding is attacked by appellant as incorrect, that neither the garbage truck nor its operation by respondent constituted a nuisance; that the truck was one proper to be used in the collection and disposal of garbage; and that, when driven with ordinary care and prudence, the truck was not dangerous to the public.

■ Appellant contends that it should be held that the collection and disposal of garbage by a city is not a governmental function. The removal of garbage by such a city as respondent is authorized by Rem. Rev. Stat., § 8972 [P. C. § 708].

In the recent case of *Hagerman v. Seattle,* 189 Wash. 694, 66 P. (2d) 1152, 110 A. L. R. 1110, this court sitting *En Banc* held that, in operating under the direction of the city health department a truck used in connection with city hospital service, the city was engaging in a governmental function.

Following the case cited and in accordance with the weight of authority, we hold that in maintaining and operating a garbage collection and disposal system, respondent was exercising a governmental function.

■■ In discussing the question of liability of municipal corporations for the negligence of its employees while performing governmental functions, this court said:

"In passing, it may be noted that in at least the following instances, the doctrine of immunity does not apply: . . . (2) where damage or injury has been occasioned through the establishment, maintenance, or permission of a nuisance."

Appellant vigorously argues that the case at bar falls within the exception noted, in that, because of the generally poor condition of the truck, its operation was dangerous to the public at large and consequently should be held to have been a nuisance. Upon the point that a municipal corporation is liable for injuries occasioned through the maintenance of a nuisance, even though in connection with the discharge of governmental functions, appellant cites the annotation found in 75 A. L. R. 1196-7, and many cases from other jurisdictions. Appellant also cites Rem. Rev. Stat., § 9914 [P. C. § 9131-68], in which a nuisance is defined.

The trial court directly found that neither the truck nor the operation thereof by respondent's employees constituted a nuisance. Continuing, the court found that the

". . . truck was a proper garbage truck, and finds that it had been driven for many months by the regular operator, James Critser, and that when driven with ordinary care and prudence, it had proved to be safe and not hazardous or dangerous to the public; that the defendant, from time to time, had caused said truck to be serviced and repaired, and that under the evidence it was not shown to have any defect other than that the brake on the right-hand front wheel took hold slightly in advance of the brake on the left front wheel, but that said condition was not the proximate cause of said collision, and that said collision need not have occurred had said truck been operated with reasonable care and prudence immediately before said collision occurred; that the court cannot accept, rejects

and specifically finds against the testimony by Norman P. Brennan that said collision was caused by any physical defect, either in construction or operating condition of said truck, and further finds that the evidence utterly fails to show that the defendant created, permitted, or maintained a nuisance in the operation of said truck."

Norman Brennan, who was driving the truck at the time of the accident, called as a witness for appellant, testified that the truck was defective in certain particulars, which he named.

James Critser, the regular driver of the truck, who was sitting beside Brennan at the time of the accident, was also called as a witness by appellant and testified at some length both as to the accident itself and as to the condition of the garbage truck.

As found by the trial court, the brake on the right front wheel of the truck took hold in advance of the brake on the left front wheel; but this fact, considered with all the other evidence, including testimony to the effect that the truck when empty was somewhat top-heavy, affords no basis for a finding that the use of the truck by the city rendered the city liable as for the maintenance of a nuisance. The finding of the trial court that any defects in the truck did not proximately contribute to the accident is supported by the preponderance of the evidence.

Appellant argues that respondent is estopped to claim that it is not responsible for the accident, because it purchased the truck secondhand and knew that it was not in the best mechanical condition in spite of attempts to repair it.

We find no basis for applying the principle of estoppel to the facts in the case at bar. Whether or not a municipal function is governmental or proprietary in its nature is determined in the light of the rule stated in the *Hagerman* case, *supra,* as follows:

"The underlying test in distinguishing governmental functions from corporate functions and, consequently, in determining the liability or nonliability of the municipality for the torts of its officers and agents, is, in this state, whether the act performed is for the common good of all,

that is, for the public, or whether it is for the special benefit or profit of the corporate entity."

Applying this principle, as above stated we hold that, in operating a garbage collection and disposal system, respondent was exercising a governmental function.

■ In the case of *Bennett v. Grays Harbor County*, 15 Wn. (2d) 331, 130 P. (2d) 1041, this court, in considering the doctrine of estoppel, said:

"The doctrine of equitable estoppel, or estoppel *in pais*, rests upon the principle that, where a person wrongfully or negligently by his acts or representations causes another who has a right to rely upon such acts or representations to change his condition, to his detriment or prejudice, the person performing such acts or making such representations is precluded from pleading the falsity of his acts or representations for his own advantage, or from asserting a right which he otherwise might have had. . . . Whether or not the doctrine is to be applied in a given instance depends upon the particular facts and circumstances of the case."

Concerning the application of the principle to municipal corporations, this court, in the case cited, said:

"While this doctrine may under certain conditions be applied against the state and its political subdivisions, and also against municipal corporations, the general rule is that it will not be applied against such political entities when not acting in a proprietary capacity, unless its application is clearly necessary to prevent manifest injustice."

The doctrine of estoppel operates infrequently against a municipal corporation. In 19 Am. Jur. 820, title "Estoppel," § 168, is found the following text:

"Municipalities act in both a governmental and a proprietary capacity, and an estoppel is not asserted if such will embarrass a municipality in its capacity as a governing body or operate to prevent it from exercising its police power. Neither a wrongful nor an unauthorized act of a municipal officer or agent estops the municipality."

Appellant cites no authority which supports his contention that the doctrine of estoppel should be applied under such circumstances as those present in the case at bar.

We hold that the principle of estoppel does not operate in appellant's favor.

Appellant was severely injured, apparently through no fault of his own. The trial court correctly held that, under the circumstances of the case, the law affords him no remedy.

The judgment appealed from is affirmed.

MILLARD, STEINERT, ROBINSON, SIMPSON, JEFFERS, and GRADY, JJ., concur.

MALLERY, J. (dissenting)—What is the nature of garbage collection? As between a public utility and a governmental function, I think it is clearly the former. I am willing to take judicial notice of the fact that, in innumerable instances, garbage collection has been a private enterprise.

I do not think that authorization of garbage collection by state law is decisive of the question here involved. State law can authorize the exercise of a proprietary function as well as a governmental one.

I subscribe to the doctrine set out in the dissent in the case of *Hagerman v. Seattle*, 189 Wash. 694, 66 P. (2d) 1152, which is held to be controlling here. I think the *Hagerman* case should be overruled to the extent that it be held that a public utility, operated by a municipal corporation in its proprietary capacity, should have no tort immunities that are not accorded to privately operated public utilities.

The judgment should be reversed.

BLAKE, J., concurs with MALLERY, J.